## Nahum M. Morrison & another *vs.* Charles Minot.

If labor and materials have been furnished and used in the erection of a building, under an entire contract, with no stipulation for any separate price for either, and it is impossible to determine what part of the contract price is to be applied to either, and there is no mechanic's lien for the whole, there can be none for any part.

Petition to enforce a mechanic's lien. At the trial in the superior court, upon facts which are sufficiently stated in the opinion, *Morton*, J. ruled that the petitioners were not entitled to a lien ; and they alleged exceptions.

Morrison & another *v.* Minot.

*R. T. Paine, Jr.*, for the petitioners.

*A. A. Ranney*, for the respondent.

HOAR, J. The petitioners are sub-contractors who have done the carpenter and plumbing work, and furnished the materials for the same, upon a block of stores which one Richardson had, by a written contract, engaged to build for the defendant. They made a verbal contract with Richardson to do the whole of that work and furnish the materials for the round sum of $6700; $500 payable on the completion of each floor, and the rest when the job was completed. During the progress of the work, and before February 5th 1861, Richardson paid them $1500 on account of the contract. The work was finished on March 23d 1861. On February 5th 1861 they gave the plaintiff written notice that they intended to claim a mechanic's lien upon the land and stores, for all labor and materials which they should thereafter furnish. No account was kept of the amount or value of labor or materials furnished before or after February 5th 1861, and it is now impossible to ascertain and distinguish them, except by estimates and approximation. These are the material facts upon which the case depends.

The rights of the parties must be determined by the provisions of Gen. Sts. *c.* 150, by which the lien is created, if any exists. By § 2 of that chapter, no lien for materials can attach, unless notice is given to the owner of the land, when he is not the purchaser of the materials, before they are furnished, that the person furnishing them intends to claim the lien. The petitioners had, therefore, no lien for any materials furnished before February 5th.

We think these facts show conclusively that the petitioners cannot maintain their suit. The debt due to them was for an entire sum, on the completion of their contract. That contract included materials for which there never was any lien; and it was an entire contract. There has therefore never been any debt due to them for labor or materials for which they could have a lien, unless the lien extended to the whole contract. No sum whatever has ever been due or is now due to them for labor, or for the materials furnished, since the 5th day of

February 1861. No such separate demand can be ascertained or stated.

The only case which apparently conflicts with this decision is *Whitford* v. *Newell*, 2 Allen, 424. But no such question was raised in the argument, or decided by the court, in that case. Certain specific objections to the lien were made by the defendant, and upon these the court passed; and it was agreed that if those objections did not prevail the lien should be enforced for a specific sum.

In the case at bar, in addition to the fact that the contract was entire, and no means of apportioning it exist, it appears that it was a losing contract, and there are no means of showing on what part of the contract the loss occurred. Payments were also made upon the whole contract, and there is no way in which these can be apportioned between the labor and materials. The petitioners never made any contract by which they were to be paid for their labor or paid for their materials, but for the result of the two united; and if the lien did not attach to the whole, it is impossible justly to distribute it, and allow it for any part. *Wilder* v. *French*, 9 Gray, 393.

*Exceptions overruled.*[*]

---

[*] A similar decision was made in the case of HENRY BREWSTER *v.* JOHN P. WYMAN & another, arising in the same county, and argued and determined in March 1863. The facts are stated in the opinion.

*B. Dean*, for the petitioner.

*S. J. Thomas*, for the respondents.

MERRICK, J. The plaintiff seeks in this suit to establish, under the provisions of Gen. Sts. *c.* 150, a lien in his behalf upon the land and building described in the petition, for the amount of the debt due to him for work and labor performed by him thereon. It appears from the statements in the bill of exceptions that the work and labor for which said debt is alleged to be due were performed under a written contract wherein he agreed, for a certain stipulated sum to be paid to him therefor, " to provide all the materials and do all the work necessary to complete in every respect, according to plans, drawings and specifications made by F. H. Moore, architect, all the stone and blacksmith work for the building" then about to be erected on the premises. This was an entire contract. It is admitted by the plaintiff that he is not entitled to any lien upon the land for the materials which he furnished; and the only question raised at the trial was whether he could maintain this process to enforce a lien upon the

premises for the amount due to him for the labor performed under the written contract. In this view this case cannot be distinguished from the recent case of *Morrison* v. *Minot.* The sum of $300 was paid before the commencement of this process by Wyman to the plaintiff, on account of said contract; and there are no facts in the case to show, or from which it can be ascertained, what part of that sum was to be applied in compensation for the labor performed, or in payment of materials furnished. Nor is it possible to ascertain how the money which he has already received, or how the whole sum payable to him upon the fulfilment of all his stipulations in the written contract, ought to be, or could justly be apportioned in reference to the payment respectively for labor performed and materials furnished, because there are no proofs or statements in the case showing whether the contract was beneficial or disadvantageous to him, or whether the gain acquired or loss sustained resulted from the unexpected cost of the one or the extent and real value of the other. It is therefore perfectly clear that there is no debt or balance of a debt due to him merely for his personal services and labor in fulfilling the contract on his part; but that all the indebtedness, if any remains, results as well from the materials supplied as for labor performed ; and as it is agreed that there can be no lien for the value of the former, there can be none to secure payment of a debt which results from and consists in part of that value